**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

IN RE: DAVID C. LETTIERI,

                                    3:24-PF-1 (BKS)

                Respondent.

_____

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

### ORDER TO SHOW CAUSE

Respondent David C. Lettieri has filed thirteen pro se actions in the Northern District of New York since August 30, 2023.[1] Respondent's filings are not limited to the Northern District of New York; a review of the Public Access to Court Electronic Records ("PACER") database shows that Plaintiff is a prolific filer and has filed well over 70 cases in federal district courts around the country, "almost all of which have been found to be frivolous or without merit." Order Dismissing Complaint, _Lettieri v. Allegany Cnty. Jail_, No. 24-cv-21114 (S.D. Fla. Mar. 26, 2024), ECF No. 4, at 2. On January 26, 2024, United States Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation observing that "Plaintiff has displayed a perpetual abuse of the judicial process in this District and others," and recommending that the undersigned consider whether a Pre-Filing Order should be issued prohibiting Lettieri "from

---

[1] _Lettieri v. Fed. Bureau of Investigation (Lettieri I)_, No. 23-cv-1099 (GTS/ML) (N.D.N.Y. filed Aug. 20, 2023); _Lettieri v. Ne. Ohio Corr. Ctr. (Lettieri II)_, No. 23-cv-1136 (MAD/ML) (N.D.N.Y. filed Sep. 5, 2023); _Lettieri v. Dep't of Justice (Lettieri III)_, No. 23-cv-1272 (BKS/ML) (N.D.N.Y. filed Oct. 12, 2023); _Lettieri v. Garver (Lettieri IV)_, No. 23-cv-1421 (DNH/MJK) (N.D.N.Y. filed Nov. 15, 2023); _Lettieri v. New York State Police (Lettieri V)_, No. 23-cv-1547 (TJM/ML) (N.D.N.Y. filed Dec. 11, 2023); _Lettieri v. Brigueal (Lettieri VI)_, No. 23-cv-1597 (AMN/ML) (N.D.N.Y. filed Dec. 18, 2023); _Lettieri v. City of Binghamton (Lettieri VII)_, No. 24-cv-74 (BKS/ML) (N.D.N.Y. filed Jan. 17, 2024); _Lettieri v. Gaska (Lettieri VIII)_, No. 24-cv-102 (GTS/ML) (N.D.N.Y. filed Jan. 22, 2024); _Lettieri v. Broome Cnty. Sheriffs (Lettieri IX)_, No. 24-cv-156 (LEK/ML) (N.D.N.Y. filed Jan. 31, 2024); _Lettieri v. Vestal Police (Lettieri X)_, No. 24-cv-198 (BKS/ML) (N.D.N.Y. Feb. 9, 2024); _Lettieri v. Matson (Lettieri XI)_, No. 24-cv-434 (GTS/ML) (N.D.N.Y. Mar. 27, 2024); _Lettieri v. Schemit (Lettieri XII)_, No. 24-cv-474 (GTS/ML) (N.D.N.Y. Apr. 4, 2024); _Lettieri v. Dep't of Justice (Lettieri XIII)_, No. 24-cv-475 (DNH/ML) (N.D.N.Y. Apr. 4, 2024).

making any future pro se filings in this District without prior leave of the Chief Judge." Order &

Report-Recommendation, *Lettieri VII*, No. 24-cv-74 (N.D.N.Y. Jan 26, 2024), ECF No. 4, at 9–

13.

It is well settled that "[a] district court may, in its discretion, impose sanctions against

litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d

Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be

appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai*

*Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor*

*Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of

repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding

further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts

must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it
> entailed vexatious, harassing or duplicative lawsuits; (2) the
> litigant's motive in pursuing the litigation, e.g., does the litigant
> have an objective good faith expectation of prevailing?; (3) whether
> the litigant is represented by counsel; (4) whether the litigant has
> caused needless expense to other parties or has posed an
> unnecessary burden on the courts and their personnel; and (5)
> whether other sanctions would be adequate to protect the courts and
> other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d

at 528).

A review of CM/ECF shows that Respondent has filed thirteen pro se actions in the

Northern District of New York since August 30, 2023. *See supra* note 1. All thirteen cases allege

violation of constitutional rights under 42 U.S.C. § 1983 and allege, inter alia, unlawful search

and seizure, due process violations, excessive force, and unlawful arrest. Of the thirteen cases,

five concern events arising on November 5, 2020, *Lettieri I*, 23-cv-1099; *Lettieri VIII*, 24-cv-102; *Lettieri XI*, 24-cv-434; *Lettieri XII*, 24-cv-474; and *Lettieri XIII*, 24-cv-475. Respondent sues, among others, the FBI, Department of Justice, the New York State Police, Broome County, Broome County Sheriffs, Vestal Police Department, City of Binghamton, Broome County Human Society, and a number of individual defendants. In addition to seeking to vindicate his individual constitutional rights, Respondent's complaints advance claims stemming from the allegedly illegal seizure of his (or his girlfriend's) dog. *See Lettieri V*, 23-cv-1547; *Lettieri VIII*, 24-cv-102; *Lettieri XI*, 24-cv-434.

Two of Respondent's cases were transferred to the Western District of New York, *see Lettieri II*, 23-cv-1136; *Lettieri III*, 23-cv-1272, and *Lettieri XI*, 24-cv-434, was administratively closed for failure to pay the filing fee or file a proper motion for in forma pauperis status. Magistrate Judge Lovric has recommended that *Lettieri I*, 23-cv-1099, be dismissed, without leave to amend, as barred by the doctrine of judicial immunity, and *Lettieri I*, 23-cv-1099, *Lettieri IV*, 23-cv-1421, *Lettieri V*, 23-cv-1547, *Lettieri VI*, 23-cv-1597, *Lettieri VII*, 24-cv-74, *Lettieri VIII*, 24-cv-102, *Lettieri IX*, 24-cv-156, *Lettieri X*, 24-cv-198, *Lettieri XI*, 24-cv-434, are subject to, or have been recommended for, dismissal on the ground that as a litigant with three strikes,[2] Respondent must pay the filing fee to proceed with the action. Only Lettieri, XII, 24-cv-474 and *Lettieri XIII*, 24-cv-475, which are awaiting initial review, are actively pending.

---

[2] The "three strikes " provision of 28 U.S.C. § 1915(g) ("Section 1915(g)") bars Respondent from proceeding IFP and without prepayment of the filing fee as he is a prisoner and has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As to the first and second factors, the Court finds that Respondent's litigation history in the Northern District involves the filing vexatious and duplicative lawsuits and that such filings were not in good faith. *Eliahu*, 919 F.3d at 714. Respondent has filed thirteen cases against various defendants, some of whom are named multiple times. *See, e.g.*, *Lettieri III*, 23-cv-1272 (naming the DOJ and FBI); *Lettieri XIII*, 24-cv-475 (naming the DOJ and FBI)*; see also Lettieri I*, 23-cv-1099 (naming the FBI). At least five of the actions concern the same date. *See Lettieri I*, 23-cv-1099 (alleging events at issue occurred on November 5, 2020); *Lettieri VIII*, 24-cv-102; *Lettieri XI*, 24-cv-434 (same); *Lettieri XII*, 24-cv-474 (same); *Lettieri XIII,* 24-cv-475 (same). Further, some contain almost no factual allegations, *see, e.g.*, *Lettieri IV*, 23-cv-1421 (alleging "refuse to give a face shield to protect from Covid-19"); *Lettieri VI*, 23-cv-1597 (alleging "tampered with a witness that was on the defendants witness list"); *Lettieri IX*, 23-cv-156 (alleging "filed a false charge in order to try to take property that was stolen"). The Court therefore has no difficulty concluding that Plaintiff's conduct was vexatious and duplicative, and was not in good faith.

The third factor, whether the respondent was represented by counsel, *Eliahu*, 919 F.3d at 714, weighs against the issuance of a Pre-Filing Order, as Respondent has filed all his actions pro se. All but two actions have been transferred, dismissed, or recommended for dismissal for failure to pay the filing fee; no Court in the Northern District has reached the merits of any of Respondent's actions. The fourth factor, whether the respondent has imposed needless expense or burden on the court or others, *id.*, weighs in favor of a Pre-Filing Order. In filing the present action Respondent imposed needless expense and burden on the Court, including on the seven United States District Court Judges and one Magistrate Judge who were required to address and dispose of his numerous complaints. The Court notes that none of Respondent's complaints

appear to have been served, no defendant has appeared in any of Respondent's actions, and no defendant has been subjected to expenses or any burden in connection with Respondent's conduct. However, given the burden that has been imposed on the Court, this factor weighs in favor of the issuance of a Pre-Filing Order. The final factor the Court must consider in determining whether to issue a Pre-Filing Order is whether other sanctions would be adequate to protect the court and other parties. *Id.* Here, the Court concludes that monetary sanctions would be ineffectual as Respondent, who has applied for IFP status and is presently incarcerated, appears to have no ability to satisfy a monetary sanction. Moreover, Respondent's accumulation of three-strikes and consequent loss of the ability to proceed IFP under most circumstances has not deterred Respondent from filing.

Respondent's motivation for filing vexatious and duplicative litigation is unclear. Although Respondent has acted without the benefit of an attorney's involvement, given that Respondent's actions have been devoid of any merit and often duplicative, the Court concludes that it cannot be said that he was acting in good faith. As to expense and burden, while Respondent's litigation has not resulted in needless expense to his litigation adversaries (all cases have been dismissed prior to service and no defendant has appeared), Respondent's litigation has placed an unnecessary burden on the courts. Respondent has filed thirteen actions in less than one year, taxing the dockets of seven district judges and one magistrate judge. Respondent's continued filing of cases suggests that that dismissal alone would be an insufficient remedy and that no sanction short of an injunction would be sufficient to protect the court and other parties.

Therefore, after carefully reviewing the record, the Court concludes that, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior

5

permission of the Chief Judge or his or her designee (except pleadings or documents in a case

that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed).

Notwithstanding the overwhelming support for a pre-filing injunction, fairness dictates that

Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a

result, Respondent shall have fourteen (14) days from the date of this Order to show cause, in

writing, why he should not be enjoined from filing any future pleadings or documents of any

kind (including motions) in this District pro se without prior permission of the Chief Judge or his

or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent David C. Lettieri shall, within FOURTEEN (14) DAYS of

the date of this Order, show cause, in writing, why he should not be enjoined from filing any

future pleadings or documents of any kind (including motions) in the Northern District of New

York pro se without prior permission of the Chief Judge or his or her designee (except pleadings

or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order,

until that case is closed);[3] and it is further

---

[3] This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any action filed by him in state court removed to this Court or filed by him in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre- filing injunction to case that had been transferred from the District of Delaware). However, this injunction would not prohibit Respondent from filing a petition for relief pursuant to 28 U.S.C. §  2254.

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Show Cause to Respondent by regular and certified mail.

**IT IS SO ORDERED.**

Dated: April 17, 2024

Brenda K. Sannes
Chief U.S. District Judge